IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNCOAST POST-TENSION, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-cv-03125 |
| | ) | |
| PETER SCOPPA, | ) | JURY TRIAL REQUESTED |
| SANDEEP N. PATEL | ) | |
| THE STERLING ENGINEERING | ) | |
| GROUP OF COMPANIES, | ) | |
| PT USA, and | ) | |
| OTHERS UNKNOWN | ) | |
| | ) | |
| Defendants. | | |

**PLAINTIFF'S FURTHER BRIEFING OF THE PROTECTABILITY OF
SUNCOAST POST-TENSION, LTD.'S TECHNICAL DRAWINGS**

For more than a hundred years, the Copyright Act has explicitly protected technical drawings like Suncoast's details from unauthorized copying. Despite this, Defendants urge the Court to undermine Congress's explicit grant of protection to such works, by holding that technical drawings are protected *only* to the extent they *don't* depict the functional features of useful objects. Since the sole purpose of technical drawings is to do precisely that, Defendants' proposed limitation would swallow the rule and effectively annul Congress's explicit, repeated decisions to extend copyright protection to these works. The Copyright Office explains a "technical drawing . . . or descriptive paragraph that portrays, describes, or explains a useful article may be protected by copyright." *See* Copyright Office, FL-103, *Useful Articles*, *available at* http://www.copyright.gov/fls/fl103.pdf. In addition, "[a]rticles whose intrinsic purpose is to portray a useful article or convey information—such as toys, scientific or fine-art models, newspapers, architectural plans, and maps—are not useful articles and may qualify for copyright protection." *Id.* This Court should reject Defendants' self-serving and incorrect interpretation of the Copyright Act because it is contrary to the statute's plain language, long established

Copyright Office practice, the express instruction of the Copyright Office (cited above), and the overwhelming majority of legal authority—and has no application whatsoever to the copyrighted notes (PX 401) which are registered as a literary work.

I. ARGUMENT

    A. The Copyright Act Unequivocally Protects Suncoast's Technical Drawings

It is black letter law that technical drawings are copyrightable subject matter. 17 U.S.C. § 101, 102. Courts, including the Supreme Court, have repeatedly recognized that "nothing in the copyright statute . . . support[s] the argument that the intended use or use in industry of an article eligible for copyright bars or invalidates its registration." *Mazer v. Stein*, 347 U.S. 201, 218 (1954). Defendants' argument that explanatory language in the statute should instead be read to limit the scope of protection available to technical drawings lacks support and would lead to an absurd result.

The Copyright Act, by its plain language, protects technical drawings such as the detail drawings at issue in this case.

> Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression. . . . Works of authorship include . . . pictorial, graphic, and sculptural works.

17 U.S.C. § 102(a). "Pictorial, graphic, and sculptural works" ["PGS works"] expressly include

> two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, **and technical drawings**, including architectural plans.

*Id.* § 101 (emphasis added). The statutory language could hardly be clearer: technical drawings are PGS works, and are therefore categorically protectable subject matter. *See, e.g.*, *Oldcaste Precast, Inc. v. Granite Precasting & Concrete, Inc.*, Case No. 10-cv-322, 2011 WL 813759, at *5 (W.D. Wash. Mar. 2, 2011) ("technical drawings . . . are expressly protected by the

[Copyright] Act"). At least Brian Butts and Russell Price testified that the copyrighted drawings and details at issue are technical drawings.[1]

> Section 101 goes on to explain that the definition of PGS works
>
> shall *include* works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

17 U.S.C. § 101 (emphasis added). On its face, this *inclusive* language, does not limit, but instead clarifies and expands the definition of a PGS work by expressly "includ[ing]" certain types of works that might otherwise be thought to be exceptions.[2]

The exception for "a design of a useful article"—Defendants' defense—is not applicable here. The Copyright Act defines a "useful article" as "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." *Id*. "A technical drawing, however, is created precisely to 'convey information,' hence it is not a useful article." *Oldcaste Precast, Inc.*, 2011 WL 813759, at *5. Suncoast's witnesses Mr. Butts and Mr. Price, and at least Defendants' witnesses Mr. Scoppa and Mr. Randolph, testified the drawings convey information about ways to install post-tensioning materials.[3] This alone precludes them from being "useful articles."[4]

Defendants have urged the Court to construe the inclusive, explanatory language of Section 101, as limiting language, arguing that because Suncoast's technical drawings depict the

---

[1] *See* October 7, 2015 Trial Transcript at 190:4-18 (Brian Butts). The Transcript containing Mr. Price's testimony is not yet available.

[2] *See also* 17 U.S.C. § 101 ("The terms 'including' and 'such as' are illustrative and not limitative.")

[3] *See* October 7, 2015 Trial Transcript at 97:1-9 (Brian Butts); October 6, 2015 Trial Transcript at 241:23-25, 242:11-13 (Peter Scoppa). The Transcript containing Mr. Price and Mr. Randolph's testimony is not yet available.

[4] And even *if* the technical drawings were useful articles, which they are not, Mr. Butts, Mr. Baxi and Mr. Price testified the copyrighted drawings serve other functions such as branding, and Defendant Mr. Patel recognizes the drawings have a "Suncoast style" as noted in PX 54. As such the evidence is the technical drawings incorporate creative design elements features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article, and would thus be properly registered.

"design of a useful article," they are unprotectable.[5] *See* DE 77 (Mot. for Summary Judgment) at 14 ("The question in this case is . . . are Suncoast's [technical drawings] designs of useful articles"). Defendants are wrong. Indeed, to hold that a technical drawing is a "design of a useful article" would instantly create a paradox: on the one hand, technical drawings are unequivocally defined as PGS works. On the other hand—under Defendants' interpretation—they would be "considered" PGS works only if they incorporated non-utilitarian aspects of the article they depicted. But since the a primary purpose of technical drawings is to accurately depict the design features of useful articles, under Defendants' interpretation the vast majority of technical drawings would simultaneously both *be* PGS works (by definition) and *not* be PGS works (by nature).[6] Under this rule, there would simply have been no point in including technical drawings in the statute. As such, Defendants' useful article defense has no merit.

In fact, the statutory language on which Defendants rely means nothing like what Defendants have told this Court. The legislative history of the 1976 Copyright Act makes it clear that Congress's intent in adding this explanatory language was simply:

> [T]o make clearer the distinction between works of applied art protectable under the bill and industrial designs not subject to copyright protection. . . .
>
> The second part of the amendment states that 'the design of a useful article . . . shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.' . . . This part of the amendment is an adaptation of language added to the Copyright Office Regulations in the mid-1950's in an effort to implement the Supreme Court's decision in [*Mazer v. Stein*].

---

[5] Defendants have also repeatedly claimed that Suncoast's technical drawings do not "contain[] any aesthetic value." *See, e.g.*, DE 77 at 13. Even if this were true—and the evidence belies it—"aesthetic value" (whatever that means) is decidedly *not* a requirement for protection under the Copyright Act, which broadly protects "original works of authorship fixed in any tangible medium of expression," 17 U.S.C. § 102, and expressly protects works such as "diagrams, models, and technical drawings, including architectural plans," *id.* § 101. Unsurprisingly, Defendants cite no authority for the proposition that "aesthetic value" is a requirement of copyright law. No such authority exists.

[6] Alternatively, it is possible that under Defendants' interpretation only inaccurate, fanciful, or decorative technical drawings could be protected by copyright, and then only to the extent of their inaccuracy. Such a result would be equally absurd, if not more so.

> In adopting this amendatory language, the Committee is seeking to draw as clear a line as possible between copyrightable works of applied art and uncopyrighted works of industrial design. A two-dimensional painting, drawing, or graphic work is still capable of being identified as such when it is printed on or applied to utilitarian articles such as textile fabrics, wallpaper, containers, and the like. The same is true when a statue or carving is used to embellish an industrial product or, as in the *Mazer* case, is incorporated into a product without losing its ability to exist independently as a work of art.

H.R. Rep. No. 94-1478 at 54-55 (Analysis of the Copyright Act of 1976). As this analysis makes clear, the 'design' of a useful article here refers to the physical aspects of a three dimensional article itself, rather than a technical drawing conveying instructions about how to make it.

In short, "nothing in the copyright statute . . . support[s] [Defendants'] argument that the intended use or use in industry of an article eligible for copyright bars or invalidates its registration." *Mazer v. Stein*, 347 U.S. at 218 (holding sculptural design of lamp base protectable by copyright). Defendants' proposed interpretation is untenable, illogical, and lacks any support in the Copyright Act or its legislative history.

### B. The Weight of Authority Strongly Supports the Protectability of Suncoast's Technical Drawings

The overwhelming majority of courts faced with similar arguments have agreed that the Copyright Act plainly protects technical drawings that depict functional designs. *See, e.g.*, *Oldcaste Precast*, 2011 WL 813759, at *5 ("Defendant . . . argues that Plaintiff's [technical] drawings are not copyrightable because they have an intrinsic utilitarian function . . . is incorrect. . . . A technical drawing . . . is not a useful article"); *Guillot-Vogt Associates, Inc. v. Holly & Smith*, 848 F. Supp. 682, 686-87 (E.D. La. 1994) (collecting cases, and holding that "defendants' argument that the drawings are not within the scope of copyright because they are not architectural is without merit"); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, Case No. MJG-06-2662, 2011 WL 4596043, at *3 (D. Md. Sept. 30, 2011), *aff'd*, 499 F. App'x 971 (Fed. Cir. 2013) ("[Plaintiff]'s technical drawings are works that are eligible for copyright protection. When a protected drawing is copied, there is copyright infringement."); *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, Civil Action No. H-09-0782, 2015 WL 300488 (S.D. Tex. Jan. 22, 2015) (Harmon,

J.) (rejecting argument that claim did not fall within the subject matter of copyright because registered drawings of valves were useful articles, and holding that "the valve is a useful article, but that the technical drawings are not"); *Gemel Precision Tool Co., Inc. v. Pharma Tool Corp.*, No. 94-5305, 1995 WL 71243 at *4 (E.D. Pa. Feb. 13, 1995) (holding that blueprints, whose "sole utility is [the] ability to explain the arrangement and relation of parts of the article depicted," "are not useful articles" and were properly registered by the Copyright Office).

In their motion for summary judgment, Defendants cited only two cases in support of their proposed reading, and one of those cases supports Suncoast's position, not Defendants'. DE 77.  Contrary to Defendants' claim, the court in *Forest River, Inc. v. Heartland Recreational Vehicles, LLC*, 753 F. Supp. 2d 753, 760 (N.D. Ind. 2010), adopted *Plaintiff's* plain-language reading of the Copyright Act, and explicitly *rejected* Defendants' interpretation.  The *Forest River* court held that Plaintiff had stated a valid copyright claim when it alleged that Defendant copied its technical drawings without authorization.  This was so even though the technical drawings were plans for a travel trailer, which was indisputably a useful article.  The *Forest River* court held unequivocally that "because the Plaintiff's copyright protects the design drawing from being copied, and the Amended Complaint alleges that the Defendant created derivative Floor Plan drawings, it ***states a claim for copyright infringement*** as to the copies (as distinct from the actual trailer)."  *Id.* at 760 (emphasis added).  The other case upon which Defendants rely, *Enterprises Int'l, Inc. v. Int'l Knife & Saw, Inc.*, Case No. 12-cv-5638, 2014 WL 3700592, at 7 (W.D. Wash. July 24, 2014), was quite simply wrongly decided: in that case, the court conceded that the drawings in question were "technical drawings," but incorrectly determined that the *drawings* were actually "designs of useful articles," and thus not copyrightable, despite the plain language of the Copyright Act.  *See* 17 U.S.C. § 102 ("Copyright protection subsists, in accordance with this title, in original . . . pictorial, graphic, and sculptural works"); *id.* § 101 ("'Pictorial, graphic, and sculptural works' include . . . technical drawings").  As noted above, far from imposing a limitation on the scope of copyright protection, the language the *International Knife* court relied upon was added to the Copyright Act to clarify that copyright protection

*extends* to creative design elements of useful articles, in keeping with the Supreme Court's decision in the landmark case of *Mazer v. Stein*. Contrary to the *International Knife* court's holding, "[n]othing in the copyright statute . . . support[s] the argument that the intended use or use in industry of an article eligible for copyright bars or invalidates its registration." *Mazer v. Stein*, 347 U.S. at 218.

### C. Plaintiff's Technical Drawings Are Entitled to Protection Under Longstanding Copyright Office Practice

Before it issues a certificate of registration, the U.S. Copyright Office must determine that "the material . . . constitutes copyrightable subject matter." 17 U.S.C. § 410. There is no dispute that the Copyright Office has already made such a determination with respect to Plaintiff's technical drawings—as indeed it has done with similar technical drawings since 1909. Moreover, examples and explanations provided by the U.S. Copyright Office in its practice manual make it clear that technical drawings such as Suncoast's are entitled to registration as a matter of course, even though they depict (and are intended to depict) functional design aspects of useful articles. Indeed, one of the Copyright Office's practice manual examples bears a striking resemblance to the facts of the instant case:

> Teresa Todorov submits several drawings that contain **specifications and information** concerning the fastener depicted therein. The applicant asserts a claim in a "technical drawing and text" as well as "technical drawing and compilation." The registration specialist may ask the applicant to limit the claim to "technical drawing," because this term adequately describes the authorship in the drawings together with the compilation of information and data concerning the depicted object. The specialist would accept a claim in "text" only if the drawing contained adequate descriptive or informational textual matter other than mere numbers, measurements, descriptive words and phrases, or the like.

Compendium of U.S. Copyright Office Practices (3d Ed. 2014) ("Copyright Compendium") at § 922 (Ch. 900 p. 35). As this example makes crystal clear, works just like Suncoast's ***are registrable*** as technical drawings, and thus ***entitled to protection*** under the Copyright Act,

irrespective of whether they depict and convey information about a useful article.[7] So too here, Plaintiff's technical drawings clearly come within the ambit of copyright protection. *Compare id. with* DE 77 at 8 ("[Suncoast's] general notes and details contain instructions for the production of this useful article"). As the Copyright Office's example makes clear, a technical drawing of the thing is registrable, and thus protectable, regardless of whether it depicts accurate information about the design of a "useful article."[8]

Technical drawings have been explicitly defined as copyrightable subject matter since 1909, when the Copyright Act was revised to protect "[d]rawings . . . of a scientific or technical character." 17 U.S.C. § 5 (i) (1909).[9] *See, e.g.*, *Imperial Homes Corp. v. Lamont*, 458 F.2d 895, 899 (5th Cir. 1972) (holding that architectural drawings were protectable as "[d]rawings . . . of a scientific or technical character," and that "if copyrighted architectural drawings . . . are imitated or transcribed in whole or in part, infringement occurs"); *Burndy Eng'g Co v. Sheldon Serv. Corp*, 127 F.2d 661, 661-62 (2d Cir. 1942) (upholding lower court's finding that competitor had infringed copyrights of "technical engineering data . . . tabulations, calculations and drawings" owned by manufacturer of electrical connectors).

In short, Defendants' proposed reading of the Copyright Act flies in the face of the Act's plain language, over a century of case law, and long-standing Copyright Office practice. Adopting this novel theory would essentially make Congress's decision to extent copyright protection to technical drawings a nullity. The Court should reject Defendants' theory.

## II. CONCLUSION

Defendants have created a misleading argument, and there can be no real dispute that technical drawings such as Suncoast's are copyrightable subject matter. As the overwhelming

---

[7] As yet another example in the Copyright Compendium makes clear, a technical drawing that contains only graphics, and does not include "information concerning the measurements, specifications, … size, design, or material composition" of the useful article that it depicts, is likewise entitled to registration and protection. *Id.*

[8] Indeed, as discussed above, since technical drawings exist for the sole purpose of depicting and conveying information about useful articles, a different result would lead to the absurd result that a technical drawing would both be a PGS work by definition, while simultaneously it would not be "considered" a PGS work.

[9] For ease of reference, the full text of the 1909 Copyright Act is available on the Copyright Office's website at http://copyright.gov/history/1909act.pdf.

majority of courts—including the Supreme Court—have ruled, "nothing in the copyright statute . . . support[s] the argument that the intended use or use in industry of an article eligible for copyright bars or invalidates its registration." *Mazer v. Stein*, 347 U.S. at 218. Defendants' argument that the Court should nonetheless hold Plaintiff's technical drawings unprotectable because they are somehow "designs of useful articles" is unsupported by the law, the legislative history, and longstanding practice. To hold, as Defendants urge, that technical drawings are protectable only to the extent they depict non-utilitarian aspects of their subject matter, would effectively render the Congress's century-old decision to include technical drawings in the Copyright Act a nullity. Such an absurd result cannot be the law, and is—at a minimum—not compelled by the statutory language. The Court should reject Defendants' attempt to strip the protections of the Copyright Act from Plaintiff's duly registered, protectable technical drawings.

Date: October 8, 2015                                   Respectfully submitted,

*/s/ John R. Keville*
John R. Keville
Attorney-in-Charge
Texas State Bar No. 00794085
S.D. Tex. Bar No. 20922
jkeville@winston.com
John E. O'Neill
Texas State Bar No. 15297500
S.D. Tex. Bar No. 2813
joneill@winston.com
Sheryl A. Falk
Texas State Bar No. 06795350
S.D. Tex. Bar No. 17499
sfalk@winston.com
Erin C. Villaseñor
Texas State Bar No. 24072407
S.D. Tex. Bar No. 1114483
evillaseñor@winston.com
Renee T. Wilkerson
Texas State Bar No. 24084097
S.D. Tex. Bar No. 1725975
rwilkerson@winston.com

WINSTON & STRAWN LLP
1111 Louisiana, 25TH Floor
Houston, TX  77002
Telephone:  (713) 651-2600
Facsimile:  (713) 651-2700

**ATTORNEYS FOR PLAINTIFF
SUNCOAST POST-TENSION, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who have consented to electronic service are being served this 8th day of October with a copy of PLAINTIFF'S FURTHER BRIEFING OF THE PROTECTABILITY OF SUNCOAST POST-TENSION, LTD.'S TECHNICAL DRAWINGS via the Court's CM/ECF system.

/s/ *Nita Moore, Senior Paralegal*
