IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SUNCOAST POST-TENSION, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 4:13-3125** |
| **PETER SCOPPA, SANDEEP N.** | § | |
| **PATEL, THE STERLING** | § | |
| **ENGINEERING GROUP OF** | § | |
| **COMPANIES, PT USA, ET AL.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury**:

You have heard the evidence in this case.  It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of the case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Plaintiff Suncoast has the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more

likely so than not so. If you find that the Plaintiff has failed to prove any element of its claims by a preponderance of the evidence, then Plaintiff may not recover on that claim.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness has made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

3

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**Destruction of Evidence**

You have heard evidence about the destruction of emails and documents in this case. On and after April 26, 2013, when Suncoast sent its first cease-and-desist letter related to this litigation, Defendants Peter Scoppa ("Scoppa"), Sandeep N. Patel ("Patel"), The Sterling Engineering Group of Companies ("Sterling"), and PT USA ("PT USA") had a duty to preserve emails and other electronic data or documents they knew to be relevant to anticipated and pending litigation. If you find that Defendants deleted or destroyed emails, electronic files, or other documents to prevent their use in this case, you may, but are not required to, consider that this evidence, if produced, would have been unfavorable to Defendants.

## SPECIFIC INSTRUCTIONS

### I.        COPYRIGHT INFRINGEMENT

In this case, Plaintiff, Suncoast Post-Tension, Ltd. ("Plaintiff" or "Suncoast"), claims ownership of 26 copyrights and seeks damages against Defendants Peter Scoppa, Sandeep Patel, The Sterling Group, and PT USA for copyright infringement. Defendants deny infringing the copyrights and contend that the 26 copyrights are excluded from copyright protection as useful articles.

In this case, Plaintiff Suncoast seeks to recover money damages from Defendants Peter Scoppa, Sandeep Patel, The Sterling Group, and PT USA for copyright infringement. Defendants deny infringing the copyrights, and contend that Plaintiff's work is not entitled to copyright protection. Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright. On Plaintiff Suncoast's copyright infringement claim, Plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1) Plaintiff is the owner of the valid copyright; and

2) Defendants copied original elements from the copyrighted work.

If you find that Plaintiff has proved both of these elements, your verdict should be for Plaintiff. If, on the other hand, Plaintiff has failed to prove either of these elements, your verdict should be for Defendants.

Copyright is the exclusive right to copy. This right to copy includes the exclusive right to authorize, copy, or otherwise reproduce the copyrighted work, prepare derivative works, or

6

distribute copies of the copyrighted work to the public by sale or other transfer of ownership. It is the owner of a copyright who may exercise this exclusive right to copy.

The term "owner" includes any creator of an original work protected by the copyright laws. The term "owner" also includes any person to whom the author may assign, sell, lease, or otherwise transfer the copyright.

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time. Copyrighted work can be a literary work, musical work, pictorial work, graphic work, sculptural work, architectural work, or a computer program. Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

Copyright automatically exists in a work the moment it is created. A copyright owner may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. Failure to obtain registration of the copyright, however, has no effect on the validity of the copyright or the owner's rights under copyright.

7

The Plaintiff's certificates of registration of the copyrights constitute evidence of Plaintiff's ownership of the copyrights and of Plaintiff's right to exclude others from copying the work. However, registration of a copyright is not conclusive as to the validity of the copyright. You may also consider any evidence offered by the opposing party that the registered copyrights are invalid. From such evidence, you are free to find that a registered copyright is not valid, in accordance with the instruction on the defenses asserted by Defendants, if you find that Defendants have proved by a preponderance of the evidence that the copyrights are invalid. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the registered copyrights are invalid.

## Vicarious Infringement

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.

If you find that Defendant Scoppa infringed Plaintiff's copyright(s), you may consider Plaintiff's claim that Defendants Sandeep Patel, The Sterling Group of Engineering Companies, and PT USA vicariously infringed that copyright. Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1) Defendants profited directly from the infringing activity of Defendant Scoppa;

2) Defendants had the right and ability to supervise or control the infringing activity of Defendant Scoppa; and

3) Defendants failed to exercise that right and ability.

8

If you find that Plaintiff proved each of these elements, your verdict should be for Plaintiff if you also find that Scoppa infringed Plaintiff's copyright(s). If, on the other hand, Plaintiff has failed to prove any of these elements, your verdict should be for Defendants Patel, The Sterling Group, and PT USA.

## Contributory Infringement

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces, causes, or materially contributes to the activity.

If you find that Defendant Scoppa infringed Plaintiff's copyright(s), you may proceed to consider Plaintiff's claim that Defendants contributorily infringed that copyright. To prove contributory copyright infringement, Plaintiff must prove both of the following elements by a preponderance of the evidence:

1) Defendants Patel, Sterling, and PT USA knew or had reason to know of the infringing activity of Scoppa; and

2) Defendants Patel, Sterling, and PT USA intentionally induced or materially contributed to Scoppa's infringing activity.

If you find that Defendant Scoppa infringed Plaintiff's copyright and you also find that Plaintiff has proved both of these elements, your verdict should be for Plaintiff Suncoast. If, on the other hand, Plaintiff has failed to prove either or both of these elements, your verdict should be for Defendants.

### Defense against Copyright Infringement: Useful Article

Under the Copyright Act, "useful articles" are excluded from copyright protection under certain circumstances. A "useful article" is an article that has an intrinsic practical function beyond merely portraying the appearance of the article or conveying information. The design of a useful article will be copyrightable only if and only to the extent that such design incorporates pictorial, graphic, or sculptural features that are separately identifiable from, and can exist independently of, the utilitarian aspects of the article.

## II.    BREACH OF CONTRACT

Plaintiff Suncoast claims that the Defendant Scoppa breached paragraphs 2 and 5 of the "Hiring Form," which provides:

> "2. Employee agrees not to reveal to any person, firm, or corporation any information concerning Employer's inventions, processes, experiments, business practices or plans, or any other information the secrecy or confidentiality of which is useful to the business of Employer without first obtaining the Employer's written authorization.

> […]

> 5. If the employment terminates, Employee agrees to return or deliver to Employer all of Employer's property in Employee's possession or control – including, but not limited to, all tangible forms of any information described in paragraph 4."

Plaintiff Suncoast claims that Defendant Scoppa breached paragraph 2 by disclosing to others and using without authorization confidential, technical and/or business information belonging to Suncoast. Plaintiff Suncoast also claims that Defendant Scoppa breached paragraph

5 by failing to surrender to Suncoast any and all tangible materials that he had in his possession or control which related to the business of Suncoast.

A breach of contract claim requires a showing that:

1) there was a valid contract,

2) the plaintiff performed or tendered performance,

3) the defendant breached the contract, and

4) the plaintiff was damaged as a result of that breach.

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

### III.        MISAPPROPRIATION OF TRADE SECRET

Plaintiff Suncoast claims that Defendants Scoppa, Patel, Sterling, and PT USA misappropriated Suncoast's trade secrets and caused injury to Suncoast. Trade secret misappropriation under Texas law is established by showing:

1) a trade secret existed;

2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and

3) use of the trade secret without authorization from the plaintiff.

A trade secret "is any formula, pattern, device, or compilation of information used in one's business, and which gives an opportunity to obtain an advantage over competitors who do not know or use it." A trade secret can exist in a combination of characteristics and components

11

each of which, by itself, is in the public domain, but the unified process, design and operation of which in unique combination, affords a competitive advantage and is a protectable secret. To determine whether a trade secret exists, you should consider six factors, weighed "in the context of the surrounding circumstances":

> 1) the extent to which the information is known outside of Suncoast's business;
>
> 2) the extent to which it is known by employees and others involved in Suncoast's business;
>
> 3) the extent of the measures taken by Suncoast to guard the secrecy of the information;
>
> 4) the value of the information to Suncoast and to its competitors;
>
> 5) the amount of effort or money expended by Suncoast in developing the information;
>
> 6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

## IV.    BREACH OF FIDUCIARY DUTY

Plaintiff Suncoast also claims that Defendant Scoppa breached his fiduciary duty owed to Plaintiff as its employee. An informal fiduciary duty is commonly referred to as a "relationship of trust and confidence" or a "confidential relationship." This relationship may arise from moral, social, domestic, or purely personal relationships. In this case, a relationship of trust and confidence existed between Plaintiff Suncoast and Defendant Scoppa if Plaintiff justifiably placed trust and confidence in Defendant Scoppa to act in Plaintiff's best interest. Plaintiff's subjective trust and feelings alone do not justify transforming arms'-length dealings into a relationship of trust and confidence.

If you find that Defendant Scoppa owed a fiduciary relationship to Plaintiff Suncoast, then you may consider whether Defendant Scoppa breached his fiduciary relationship to Plaintiff. To establish its claim that Defendant Scoppa breached his fiduciary duty, Plaintiff must show:

      1) the transactions in question were not fair and equitable to Plaintiff; and

      2) Defendant Scoppa did not make reasonable use of the confidence that Plaintiff placed in him; and

      3) Defendant Scoppa failed to act in the utmost good faith or exercise the most scrupulous honesty toward Plaintiff; and

      4) Defendant Scoppa placed his own interests before Plaintiff's, used the advantage of his position to gain a benefit for himself at the expense of Plaintiff, or placed himself in a position where his self-interest might conflict with his obligations as a fiduciary; and

      5) Defendant Scoppa failed to fully and fairly disclose all important information to Plaintiff concerning the transaction.

An employee has no general duty to disclose his plans and may prepare for those future employment plans without violating any duty to the employer. An at-will employee may plan to compete with his employer and take certain steps toward that goal without disclosing his plans to the employer, but he may not appropriate his employer's trade secrets, solicit his employer's customers while still working for his employer, carry away certain information, such as lists of customers, or act for his future interests at expense of his employer's funds or employees for personal gain or by course of conduct designed to hurt employer. The employee has no general duty to disclose his plans without violating any duty to the employer.

### Inducement of Breach of Fiduciary Duty

Plaintiff Suncoast also claims that Defendants Patel, The Sterling Group, and PT USA induced Defendant Scoppa into breaching his fiduciary duty. A person is liable for inducement of breach of fiduciary duty if that person knowingly induces a fiduciary to breach a duty, or participates in the breach of duty of a fiduciary.

## V.   TORTIOUS INTERFERENCE WITH CONTRACT

Plaintiff Suncoast also claims that Defendants Patel, Sterling, and PT USA intentionally interfered with the existing contractual relationship Suncoast had with Defendant Scoppa. In order to establish its claim of tortious interference with a contract, Plaintiff Suncoast must show that:

    1) the existence of a contract subject to interference;

    2) an act of interference that was willful and intentional;

    3) the act was a proximate cause of the Plaintiff's damage; and

    4) actual damage or loss occurred.

Interference can include conduct that prevents performance of a contract or makes performance of a contract impossible, more burdensome, or more difficult or of less or no value to the one entitled to performance. Interference is intentional if committed with the desire to interfere with the contract or with the belief that interference is substantially certain to result. Proximate cause means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using a degree of care required of him would have

foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

## VI.    UNFAIR COMPETITION

Plaintiff Suncoast also claims that Defendants Scoppa, Patel, Sterling, and PT USA engaged in unfair competition against Plaintiff by using drawings that resulted from Suncoast's time, labor, skill, and money. In order to prove unfair competition, Suncoast must show that Defendants committed an unfair act that interfered with Suncoast's ability to conduct its business. The unfair act must be an independent wrong arising out of business conduct that is contrary to honest practice in commerce.

## VII.    CONSPIRACY

Plaintiff Suncoast also claims that Defendants Scoppa, Patel, the Sterling Group, and PT USA conspired to steal and unlawfully use Suncoast's confidential, proprietary, and trade secret information to unfairly compete with Suncoast in the concrete post-tensioning industry, to breach Scoppa's fiduciary duty, and to breach and induce breach of Scoppa's contract with Suncoast.

A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. To be part of a conspiracy, at least two Defendants must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to Plaintiff Suncoast. One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

## DAMAGES

If Plaintiff Suncoast has proven any of its claims against any defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff Suncoast is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that Plaintiff Suncoast should, or should not, win this case. It is your task first to decide whether any Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that any Defendant is liable and that Plaintiff Suncoast is entitled to recover money from any Defendant.

If you find that any Defendant is liable to Plaintiff Suncoast, then you must determine an amount that is fair compensation for all of Plaintiff Suncoast's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff Suncoast whole—that is, to compensate Plaintiff for the damage that it has suffered. Compensatory damages are not limited to expenses that Plaintiff Suncoast may have incurred because of its injury. If Plaintiff wins, it is entitled to compensatory damages for the economic injury that it has suffered because of the Defendants' conduct.

You may award compensatory damages only for injuries that Plaintiff Suncoast proves were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead

16

you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Suncoast prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You must not award compensatory damages more than once for the same injury. For example, if Plaintiff prevails on more than one claim and establishes a dollar amount for its injuries, you must not award it any additional compensatory damages for the same injury. Plaintiff is only entitled to be made whole once, and may not recover more than it has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate Plaintiff fully for all of its injuries.

You may impose damages on a claim solely upon the defendant or defendants that you find are liable on that claim. Although there are multiple defendants in this case, it does not necessarily follow that if one is liable, all or any of the others also are liable. Each defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must award damages for that injury only against that defendant.

You may find that more than one defendant is liable for a particular injury. If so, Plaintiff is not required to establish how much of the injury was caused by each particular defendant whom you find liable. Thus, if you conclude that the defendants you find liable acted jointly, then you may treat them jointly for purposes of calculating damages.

17

## Copyright Infringement Damages

If you find for Plaintiff Suncoast on Plaintiff's copyright infringement claim, you must determine Plaintiff's damages. Plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, Plaintiff Suncoast is also entitled to recover any profits of any Defendant attributable to the infringement. Plaintiff Suncoast must prove damages by a preponderance of the evidence.

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

In addition to actual damages, the copyright owner is entitled to any profits of any defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of any defendant's profits only if you find that Plaintiff Suncoast showed a causal relationship between the infringement and the profits generated indirectly from the infringement or any defendant's gross revenue.

A defendant's profit is determined by subtracting all expenses from the defendant's gross revenue. A defendant's gross revenue is all of the defendant's receipts from the use or sale of a

product or work containing or using the copyrighted work. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing a defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use or sale of a product or work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted work.

Where there are multiple infringers of a copyright, all infringers are jointly and severally liable for the plaintiff's actual damages.


### Copyright Infringement Statutory Damages

If you find for Plaintiff Suncoast on its copyright infringement claim, you must determine Plaintiff's damages. Plaintiff Suncoast also seeks a statutory damage award, established by Congress for each work infringed. Its purpose is to penalize the infringer and deter future violations of the copyright laws. The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed. However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed. However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

An infringement is considered innocent when a defendant has proved both of the following elements by a preponderance of the evidence:

1) the defendant was not aware that his or its acts constituted infringement of the copyright; and

2) the defendant had no reason to believe that his or its acts constituted an infringement of the copyright.

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1) the defendant engaged in acts that infringed the copyright; and

2) the defendant knew that those acts infringed the copyright.

If you do find that any Defendant's infringement was willful, you shall not award more than $150,000 as statutory damages.

## Breach of Contract Damages

If you find for Plaintiff Suncoast on its breach of contract claim, then determine Plaintiff's damages as a result. Consider the following elements of damages, if any, and none other:

1) Suncoast's lost profits that were a natural, probable, and foreseeable consequence of the breach(es); or

2) profits that the Defendant(s) obtained as a consequence of the breach

### Misappropriation of Trade Secret Damages

If you find for Plaintiff Suncoast on its misappropriation of trade secret claim, then determine Plaintiff's damages as a result. Consider the following elements of damages, if any, and none other:

1) Plaintiff Suncoast's lost profits;

2) the full total of any Defendant's profits resulting from the use or disclosure of the trade secret, or some apportioned amount designed to correspond to the actual contribution Plaintiff's trade secret made to the Defendant's commercial success;

3) the investment value of the trade secret; that is, what an investor judges he should pay for the return he foresees by virtue of owning the process, taking into account the facts, circumstances, and information which is available at the time; and

4) the actual value of what has been appropriated; specifically, what the parties would have agreed to as a fair price for licensing the defendant to put the trade secret to the use the defendants intended at the time the misappropriation took place. In calculating what a fair licensing price would have been had the parties agreed, you should consider such factors as the resulting and foreseeable changes in the parties' competitive posture; the prices past purchasers or licensees may have paid; the total value of the secret to the plaintiff, including the plaintiff's development cost and the importance of the secret to the plaintiff's business; the nature and extent of the use the defendant intended for the secret, and finally whatever other unique factors in the particular case might have been affected by the parties' agreement, such as the ready availability of alternative process.

### Tortious Interference with Existing Contract Damages

If you find for Plaintiff Suncoast on its tortious interference with existing contract claim, then determine Plaintiff's damages as a result. The basic measure of actual damages for tortious interference with contract is the same as the measure of damages for breach of the contract

interfered with. The actual damages are the amount required to put Plaintiff Suncoast in the same economic position it would have been in had the contract interfered with been actually performed. Thus, damages for interference with an existing contract include the pecuniary loss of the contract's benefit and consequential losses.

**Conspiracy Damages**

The damages recoverable in an action for civil conspiracy are those damages resulting from the commission of the wrong, not the conspiratorial agreement.

## PUNITIVE DAMAGES

If you find that any Defendant is liable for any of Plaintiff's injuries, you must award Plaintiff Suncoast the compensatory damages that it has proved. You may, in addition, award punitive damages if you determine that any Defendant acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights of another. Plaintiff Suncoast has the burden of proving by clear and convincing evidence that punitive damages should be awarded. "Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter

others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff Suncoast has been made whole by compensatory damages, so punitive damages should be awarded only if any Defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1) the reprehensibility of Defendant or Defendants' conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Defendant's conduct was motivated by a desire to augment profit;

2) the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened.

You may consider the financial resources of any Defendant in fixing the amount of punitive damages.

You may impose punitive damages against one or more Defendants and not others. You may also award different amounts against certain defendants.

## **THE VERDICT**

### **Duty to Deliberate**

It is now your duty to deliberate and to consult with one another in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinion and change your mind if you are convinced that you were wrong. But do not give up your honest beliefs because the other jurors think differently, or just to finish the case.

### **Instructions on Deliberation**

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk to anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will response either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**SIGNED** this ___12ᵗʰ___ day of October, 2015.


**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**