United States District Court
Southern District of Texas
**ENTERED**
December 14, 2015
David J. Bradley, Clerk

`IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNCOAST POST-TENSION, LTD., | § | |
| Plaintiff, | § § § | |
| vs. | § § | Civil Action No. 4:13-CV-3125 |
| PETER SCOPPA, SANDEEP N. PATEL, THE STERLING ENGINEERING GROUP OF COMPANIES, PT USA, ET AL., | § § § § § § | |
| Defendants. | § § § | |

## FINAL JUDGMENT

On October 5, 2015, trial of this case began. Plaintiff Suncoast Post-Tension, Ltd. ("Suncoast") appeared in person and through its attorney and announced ready for trial. Defendants Peter Scoppa ("Scoppa"), Sandeep N. Patel ("Patel"), The Sterling Engineering Group of Companies ("Sterling"), and PT USA appeared in person and through their attorney and announced ready for trial. The Court determined that it had jurisdiction over the subject matter and the parties in this case. The Court then impaneled and swore in the jury, which heard the evidence and arguments of counsel, with the Honorable Judge Vanessa D. Gilmore presiding. The Court submitted questions, definitions, and instructions to the jury. In response, the jury made findings that the Court received, filed, and entered of record. The jury findings (Docket No. 211) are as follows:

### QUESTION NO. 1

Do you find by a preponderance of the evidence that any of Plaintiff's Exhibits #400-425 is subject to copyright protection? Answer "yes" or "no": **"Yes"**

## QUESTION NO. 2

Do you find by a preponderance of the evidence that any copyright of Plaintiff's work in Exhibits #400-425 was infringed, either directly, vicariously, or contributorily, by any Defendant(s)? Answer "yes" or "no" as to each Defendant.

Defendant Peter Scoppa: **"Yes"**

Defendant Sandeep Patel: **"Yes"**

Defendant Sterling Group: **"Yes"**

Defendant PT USA: **"Yes"**

## QUESTION NO. 3

Do you find by a preponderance of the evidence that any copyright of Plaintiff's work in Exhibits #400-425 was willfully infringed by any Defendant(s)? Answer "yes" or "no" as to each Defendant.

Defendant Peter Scoppa: **"Yes"**

Defendant Sandeep Patel: **"Yes"**

Defendant Sterling Group: **"Yes"**

Defendant PT USA: **"Yes"**

## QUESTION NO. 4

Did Defendant Peter Scoppa breach his contract with Plaintiff Suncoast?

Answer "yes" or "no": **"Yes"**

## QUESTION NO. 5

Do you find by a preponderance of the evidence that any Defendant(s) tortiously interfered with the contract between Defendant Scoppa and Plaintiff Suncoast? Answer "yes" or "no" as to each Defendant.

    Defendant Sandeep Patel: **"Yes"**

    Defendant Sterling Group: **"Yes"**

    Defendant PT USA: **"Yes"**

## QUESTION NO. 6

Do you find by a preponderance of the evidence that any Defendant(s) misappropriated Plaintiff Suncoast's alleged trade secret(s)? Answer "yes" or "no" as to each Defendant.

    Defendant Peter Scoppa: **"Yes"**

    Defendant Sandeep Patel: **"Yes"**

    Defendant Sterling Group: **"Yes"**

    Defendant PT USA: **"Yes"**

## QUESTION NO. 7

Did Defendant Peter Scoppa breach a fiduciary duty to Plaintiff Suncoast?

    Answer "yes" or "no": **"Yes"**

## QUESTION NO. 8

Did any Defendant(s) induce Defendant Peter Scoppa to breach his fiduciary duty to Plaintiff Suncoast? Answer "yes" or "no" as to each Defendant.

Defendant Sandeep Patel: **"Yes"**

Defendant Sterling Group: **"Yes"**

Defendant PT USA: **"Yes"**

## QUESTION NO. 9

Did any Defendant(s) engage in unfair competition that caused damages to Plaintiff Suncoast? Answer "Yes" or "no" as to each Defendant.

Defendant Peter Scoppa: **"Yes"**

Defendant Sandeep Patel: **"Yes"**

Defendant Sterling Group: **"Yes"**

Defendant PT USA: **"Yes"**

## QUESTION NO. 10

Only answer this question if you answered "yes" to any part of Questions 4, 5, 6, 7, 8, or 9. Were two or more Defendants part of a conspiracy that damaged Plaintiff Suncoast? If so, indicate which defendants. Answer "yes" or "no" as to each Defendant.

Defendant Peter Scoppa: **"Yes"**

Defendant Sandeep Patel: **"Yes"**

Defendant Sterling Group: **"Yes"**

Defendant PT USA: **"Yes"**

## QUESTION NO. 11

Only answer this question if you answered "yes" to any part of Questions 2, 4, 5, 6, 7, 8, 9, or 10. What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff Suncoast for its damages, if any, that were proximately caused by Defendant(s)' actions that you found in your answers in Questions 2, 4, 5, 6, 7, 8, 9, or 10?

Answer in dollars and cents for damages, if any: **$ 8,000,000.00**

Do not compensate twice for the same loss, if any.

Do not add any amount for interest on damages, if any.

## QUESTION NO. 12

Only answer this question if you answered "yes" to any part of Question 2. Otherwise, do not answer this question. What sum of money, if any, paid now in cash, should be awarded to Plaintiff Suncoast in statutory damages for Defendant(s)' copyright infringement.

Answer in dollars and cents: **$ 3,000,000.00**

Do not compensate twice for the same loss, if any.

Do not add any amount for interest on damages, if any.

## QUESTION NO. 13

Only answer this question if you answered "yes" to any part of Questions 2, 4, 5, 6, 7, 8, 9, or 10. Otherwise, do not answer any more questions and proceed to sign the Certificate. To answer "Yes" to the following question, your answer must be unanimous. Otherwise, you must not answer the following question.

Do you find by clear and convincing evidence that the harm to Plaintiff Suncoast resulted from any Defendant(s)'s malice or reckless disregard for the rights of others? Answer "yes" or "no" as to each Defendant.

Defendant Peter Scoppa: **"Yes"**

Defendant Sandeep Patel: **"Yes"**

Defendant Sterling Group: **"Yes"**

Defendant PT USA: **"Yes"**

## QUESTION NO. 14

Answer the following question only if you answered "Yes" to any part of Question 13. Otherwise, proceed to sign the Certificate. What sum of money, if any, should be assessed against each Defendant as punitive damages in connection with the claims against him? Answer in dollars and cents as to each Defendant.

Defendant Peter Scoppa: **$1,000,000.00**

Defendant Sandeep Patel: **$5,000,000.00**

Defendant Sterling Group: **$5,000,000.00**

Defendant PT USA: **$2,500,000.00**

Accordingly, judgment is entered as follows:

The Court orders that Plaintiff Suncoast recover the sum of $8,000,000.00, jointly and severally, from Defendants Scoppa, Patel, Sterling, and PT USA.

The Court further orders that Plaintiff Suncoast recover the additional sum of $3,000,000.00, jointly and severally, from Defendants Scoppa, Patel, Sterling, and PT USA.

The Court further orders that Plaintiff Suncoast recover punitive damages of $1,000,000.00 from Defendant Scoppa.

The Court further orders that Plaintiff Suncoast recover punitive damages of $5,000,000.00 from Defendant Patel.

The Court further orders that Plaintiff Suncoast recover punitive damages of $5,000,000.00 from Defendant Sterling.

The Court further orders that Plaintiff Suncoast recover punitive damages of $2,500,000.00 from Defendant PT USA.

Additionally, the Court awards prejudgment interest on the sum of $11,000,000.00 at the annual interest rate of five percent (5%) from October 23, 2013 until October 23, 2015, totaling $1,100,000.00, to Plaintiff Suncoast. Pursuant to Fed. R. Civ. P. 58(e), the parties agreed that the issue of attorney fees would be submitted to the Court. Suncoast requested attorney fees in a motion and supporting affidavit under 17 U.S.C. § 505 and Texas Civil Practices and Remedies Code § 38.001. The Court examined the record, determined that the request is supported by law, took judicial notice of the usual and customary attorney fees, and determined reasonable attorney fees to be $2,205,830.47. The Court orders Defendants to pay Suncoast $2,205,830.47 for attorney fees. The Court further orders the Defendant to pay costs in the amount of $34,390.76.

Postjudgment interest is payable on all of the above amounts allowable by law at the rate of half a percent (0.50%) from the date this judgment is entered until the date this judgment is paid.

The Court further orders that Defendants pay LCG Discovery Experts LLC $77,391.18 and Suncoast $116,561.11 for the costs of the neutral expert's spoliation discovery, pursuant to the Court's October 9, 2015 Order on Suncoast Post-Tension's Motion for Spoliation Finding and Sanctions Based on Neutral Expert's May 2015 Report Finding Deliberate Destruction of Evidence. (Instrument No. 238).

This is a **FINAL JUDGMENT.**

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 11th day of December, 2015, at Houston, Texas.

                                   **VANESSA D. GILMORE**
                                   **UNITED STATES DISTRICT JUDGE**