UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SUNCOAST POST-TENSION, LTD.** § | |
| § | |
| Plaintiff, § | |
| § | CASE NO. 4:13-cv-03125 |
| v. § | |
| § | |
| **PETER SCOPPA, SANDEEP N. PATEL,** § | |
| **THE STERLING ENGINEERING** § | Judge: Hon. Vanessa D. Gilmore |
| **GROUP OF COMPANIES, PT USA,** § | |
| **AND OTHERS UNKNOWN,** § | |
| § | |
| Defendants. § | |

_____

**DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**
_____

Defendants Sandeep N. Patel ("Patel"), The Sterling Engineering Group of Companies ("Sterling"), Peter Scoppa ("Scoppa"), and PT USA (collectively, "Defendants") file this Renewed Motion for Judgment as a Matter of Law, as authorized by Federal Rule of Civil Procedure 50(b), and would respectfully show the following:

### Introduction

1.  Plaintiff is Suncoast Post-Tension, Ltd. ("Plaintiff" or "Suncoast"); Defendants are Patel, Sterling, Scoppa, and PT USA.

2.  Plaintiff sued Defendants for copyright infringement, vicarious copyright infringement, contributory copyright infringement, breach of contract, misappropriation of trade secrets, conversion, breach of fiduciary duty, inducement of breach of fiduciary duty, tortious interference with employment contract, tortious interference with prospective business relations, unfair competition, and conspiracy.

_____

3. On October 23, 2015, during the trial on the merits and before the case was submitted to the jury, Defendants moved for judgment as a matter of law. The court denied the motion and submitted the case to the jury.

4. The jury returned a verdict for Plaintiff, and the court rendered judgment on the verdict.

5. The clerk entered judgment on December 11, 2015. Defendants file this motion on December 18, 2015, which is within 28 days after the jury was discharged.

## Argument & Authorities

6. The court may render a judgment as a matter of law when a reasonable jury does not have a legally sufficient evidentiary basis to find for a party on an issue on which the party has been fully heard. Fed. R. Civ. P. 50(a)(1), (b); *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 218-19 (5th Cir. 2001).

7. Defendants have satisfied the procedural requirements for filing this motion by filing a motion for judgment as a matter of law before the case was submitted to the jury. Fed. R. Civ. P. 50(b); *Greenwood v. Societe Francaise De,* 111 F.3d 1239, 1244-45 (5th Cir. 1997). This motion is based entirely on the grounds raised in the previous motion. *Rockport Pharmacy, Inc. v. Digital Simplistics, Inc.,* 53 F.3d 195, 197-98 (8th Cir. 1995).

8. The court should grant this motion for judgment as a matter of law because the evidence is legally insufficient to support the verdict rendered by the jury. Fed. R. Civ. P. 50(a)(1); *Greenwood,* 111 F.3d at 1246. Suncoast failed to present sufficient evidence linking Patel or Sterling to any of the causes of action in this case. Suncoast's evidence addressed *only* allegedly protected materials taken or used by Scoppa and/or PT USA. Suncoast also failed to

prove that the materials registered with the copyright office are protected by the Copyright Act, that any materials are protected trade secrets, or sufficient, admissible evidence of damages.

### A. Insufficient Evidence Against Sterling and Patel.

9. Suncoast failed to present any evidence that Sterling or Patel actually used or disclosed the alleged copyrighted material or trade secrets at issue in this case. Accordingly, Suncoast cannot maintain direct claims for copyright infringement or trade secret misappropriation against Patel or Sterling. *See e.g., Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (direct copyright claim requires plaintiff to show that ***defendant used plaintiff's copyrighted material***) (emphasis added); *Heil Trailer Int'l Co. v. Kula*, 542 Fed. Appx. 329, 331 (5th Cir. 2013) (***use or disclosure*** of trade secret is essential element of claim)(emphasis added).

10. During the trial, Suncoast presented evidence that a subcontractor, Post Tension Services India ("PTSI") worked for Defendant PT USA and provided PT USA with Suncoast's allegedly copyrighted and trade secret material, which PT USA used for its business. Suncoast took the position at trial that Scoppa became aware of Suncoast material in PT USA drawings, but he failed to take action to remove the material and prevent PTSI from using the allegedly protected material.

11. There is *no evidence* showing that Sterling or Patel used or disclosed any of this information. Suncoast presented no evidence that (1) Patel or Sterling directed Scoppa or anyone at PTSI to take material from Suncoast, (2) Patel or Sterling told Scoppa to take Suncoast material with him when he resigned from Suncoast, or (3) Scoppa actually took any material when he left Suncoast. There was no evidence of any communication, document, or agreement in which Patel or Sterling instructed Scoppa to take or use Suncoast information either during

---
**Defendants' Renewed Motion for Judgment as a Matter of Law**      **Page 3**

Scoppa's employment with Suncoast, or after. Indeed, Suncoast admitted that it had no evidence showing that Scoppa took anything from Suncoast. Dkt. 228, 122:8-14; 122:25-123:22.

12. Despite the extensive forensic computer analysis in this case, including Suncoast's analysis of its own computer system, there is not one email communication (or any other document) in which Patel or Sterling instruct Scoppa to take or use any Suncoast information. Any conclusion that Patel or Sterling directed anyone to take Suncoast material would require impermissible inference stacking, which is insufficient as a matter of law. *Pierre v. Steinbach*, 378 S.W.3d 529, 535 (Tex. App.—Dallas 2012, no pet.).

13. Patel testified at length regarding his and Sterling's role as structural engineers and their relationship with PTSI and PT USA. Dkt. 227, 232-296; 228, 5-41. Patel testified that he has an ownership interest in PT USA and formerly held an ownership interest in PTSI, but did not direct or control the activities of either company. Dkt. 227, 244:12-245:2; 262:7-10; Dkt. 228, 33:3-14; 40:8-20. Suncoast presented *no evidence* showing that Patel *used or disclosed to anyone* any of the allegedly copyrighted or trade secret information in this case.

14. Furthermore, Sterling is a separate engineering company that does not own or control PT USA, PTSI, or Scoppa. Dkt. 228:33:3-7. Suncoast did not plead or present any evidence proving that Sterling is vicariously liable for or an alter ego of PT USA or PTSI. Like Patel, Suncoast presented *no evidence* showing that Sterling *used or disclosed to anyone* any of the allegedly copyrighted or trade secret information in this case. Indeed, Sterling would have no need for Suncoast's allegedly protected information because Sterling is a structural engineering firm and does not supply post-tensioning materials. *Id*.

15. Because Suncoast failed to present any evidence showing that Patel or Sterling used, disclosed, or copied Suncoast's alleged trade secrets and copyrighted material, Defendants

Patel and Sterling request judgment as a matter of law on Suncoast's direct claims for copyright infringement and trade secret misappropriation.

**B.     All of Suncoast's Copyright Claims are Barred by the "Useful Article" Doctrine Because Suncoast Presented no Evidence of Separable Artistic Features.**

16.    Suncoast presented evidence that each of its copyrighted general notes and details are designs of post-tensioning systems and processes.  Dkt. 227, 154:2-7; 156:11-15; 160:4-6; 162:15-21.  According to Suncoast, the 26 technical drawings registered with the Copyright Office provide the "particulars" of how to install post-tensioning systems.  Dkt. 228, 66:1-67:1.  A design of a useful article, such as a post-tensioning system, is only subject to copyright protection "if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features *that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article*."  *Galiano v. Harrah's Operating Co., Inc.*, 416 F.3d 411, 417 (5th Cir. 2005) (emphasis added).

17.    "Whether a useful article has conceptually separable features is a mixed question of law and fact."  *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1041 (9th Cir. 2014).  Judgment as a matter of law for a copyright defendant based on the useful article doctrine is appropriate where the plaintiff presents no evidence of any artistic features that are separable from the utilitarian functions of the article.  *Id*.

18.    In this case, Suncoast ultimately failed to present any evidence that its designs of useful articles contain any artistic features capable of existing independently of the utilitarian features of the post-tensioning systems at issue.  Given the lack of legally sufficient evidence on which a jury could identify such artistic features in Suncoast's general notes and details, the Defendants request that the Court enter a judgment notwithstanding the jury's verdict in the Defendants' favor on Suncoast's copyright claims.

_____

### C. Suncoast Failed to Present Legally Sufficient Evidence of Copyright Damages.

19. If the Court determines that Suncoast's copyright claims are not barred by the useful article doctrine (they are), the Defendants request a judgment in their favor on the copyright claims because Suncoast failed to introduce legally sufficient evidence of its damages. Suncoast cannot recover statutory copyright damages because the alleged infringement began before Suncoast registered its allegedly-copyrighted works. 17 U.S.C. § 412. Suncoast alleges that the Defendants began infringing at the time Scoppa left Suncoast in October 2012. Dkt. 102 ¶¶ 18-21. The alleged copyrighted material was registered in September 2013 and each registration states that the "Year of Completion" was 2010. *Id*. Thus, Suncoast registered its copyrights long after the alleged infringement occurred and/or the first publication of the works, prohibiting statutory damages. The prohibition on statutory damages extends to alleged infringement that occurs after the registration date if the infringement began before the registration date (as alleged here). *See e.g., Mason v. Montgomery Data*, 97 F.2d 135, 143-45 (5th Cir. 1992); *Teevee Toons, Inc. v. Overture Records*, 501 F.Supp.2d 964, 967 (E.D. Mich. 2007) ("Plaintiff's alleged infringement clearly constitutes an ongoing series of infringing acts that commenced prior to registration. Accordingly, Defendants are not entitled to statutory damages or attorney's fees under 17 USC §§ 504 and 505."). Accordingly, Suncoast cannot recover statutory damages as a matter of law.

20. Regarding actual copyright damages, Suncoast cannot show a causal link between PT USA's alleged infringing use of the general notes and details and PT USA's total revenue.[1] Neither Mr. Compton's testimony, nor any other evidence admitted at trial, provides a legally sufficient basis for an award of copyright damages. If a copyright owner chooses to claim the

---

[1] The Defendants moved to strike Jeffrey Compton's testimony (Suncoast's damages expert) on this basis prior to trial, which the Court denied. Dkt. 80, 183.

---

**Defendants' Renewed Motion for Judgment as a Matter of Law**      **Page 6**

infringer's profits (as Suncoast has here), "the copyright owner is required to present proof of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b); *MGE UPS Systems, Inc. v. GE Consumer and Indus., Inc.*, 622 F.3d 361, 366 (5th Cir. 2010). However, "'gross revenue' refers only to revenue reasonably related to the infringement." *GE Consumer*, 622 F.3d at 367; *see also Estate of Vane v. Fair, Inc.*, 849 F.2d 186, 188, 190 (5th Cir.1988).

21. Mr. Compton, identified Suncoast's copyright damages as PT USA's gross revenue since April 2013, which he stated is approximately $8,600,000. Mr. Compton did not explain how the alleged infringement was reasonably related to PT USA's gross revenue. Suncoast cannot produce any evidence of revenues reasonably related to general notes and details. They are simply one small part of the field installation manual included with the materials sold.

22. Mr. Compton testified that PT USA's total gross revenue was reasonably related to Suncoast's copyright claims because without "installation drawings, Suncoast would not be selling PT supplies as materials." Dkt. 228, 179:6-8. Even if Mr. Compton's conclusion that it is impossible to sell PT supplies without installation drawings were true (it is not), installation drawings contain much more than just the allegedly copyrighted material at issue. Russell Price, Suncoast's corporate representative, testified definitively that the field installation drawings contain much more than the copyrighted general notes and details:

> The -- the second part of the drawing set -- the general notes and details are copyrighted, but all of the -- the other drawings that support that, which could be a hundred drawings to the complete set, those are all identifiable with a particular project.

___

*Id*., 71:16-20.  Mr. Price later added that the general notes and details "are a separate item" from the remaining portions of the field installation drawings.  *Id*., 125:6-12.  Even if Mr. Compton could successfully link field installation drawings to PT USA's gross revenue, the copyrighted general notes and details are only one part of the field installation drawings.  Neither Mr. Compton nor Suncoast made any attempt to connect any revenue to the allegedly copyrighted material in this case.  Accordingly, Suncoast failed to present any legally sufficient evidence of its copyright damages.

23. Additionally, Suncoast offered no evidence to support Mr. Compton's conclusion that PT USA's revenue during the period in question was actually $8.6 million.  Suncoast did not introduce any financial documents produced by PT USA on which this conclusion could be based.  Instead, Suncoast introduced certain PT USA projections and estimates of revenue.  Suncoast failed to introduce any evidence of PT USA's actual revenue, such as profit and loss statements.  Suncoast's reliance on profit projections is speculative and legally insufficient to provide a foundation for Mr. Compton's gross revenue opinion.

### D. Suncoast Failed to Provide Legally Sufficient Evidence of Vicarious or Contributory Copyright Infringement.

24. In addition to its direct copyright claims, Suncoast also alleged vicarious and contributory copyright infringement claims against Patel and Sterling. Defendants Patel and Sterling request judgment as a matter of law on the contributory infringement claim because Suncoast presented no evidence showing that Patel or Sterling had actual knowledge of any infringement, or that they substantially participated in any infringing activities.  Judgment in Defendants Patel and Sterling's favor on the vicarious infringement claim is necessary because neither defendant had the right nor ability to supervise the alleged infringing activity and Sterling had no financial interest in the alleged infringement.

___

25. To prove contributory copyright infringement, Suncoast was required to show (1) direct copyright infringement against Scoppa, (2) knowledge or reason to know of the infringement, and (3) substantial participation in the infringing activities. *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013); *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). Actual knowledge of specific acts is required for contributory infringement liability. *Luvdarts*, 710 F.3d at 1072. Patel testified that he did not have any actual knowledge that any Suncoast material was used and that he did not control PT USA. Dkt. 227, 270:14-20; 271:3-7. Further, as established in Section A neither Patel himself nor Sterling were involved in using or disclosing any allegedly copyrighted material—***Suncoast's evidence only applied to Peter Scoppa and PT USA***.

26. To show vicarious liability, a plaintiff must prove that a defendant (1) has a direct financial interest in the infringing activity, and (2) has the right and ability to supervise the activity which causes the infringement. *Playboy Enterprises, Inc. v. Webbworld, Inc.*, 991 F.Supp. 543, 553 (N.D. Tex. 1997). Neither Patel nor Sterling had the right or ability to control Scoppa or PT USA. Dkt. 227, 244:12-245:2; 262:7-10; 270:14-20; 271:3-7; Dkt. 228, 33:3-14; 40:8-20. Sterling is a separate engineering company that does not own or control PT USA, PTSI, or Peter Scoppa—***Suncoast presented no evidence that Sterling financially benefitted from any alleged copyright infringement***, or any other activity of Peter Scoppa or PT USA. Dkt. 228:33:3-7.

27. Because Suncoast failed to present legally sufficient evidence showing that Patel or Sterling contibutorily or vicariously infringed any copyright, Defendants Patel and Sterling request judgment as a matter of law on those claims.

___

**Defendants' Renewed Motion for Judgment as a Matter of Law**     **Page 9**

> **E.  Suncoast Failed to Provide Legally Sufficient Evidence of the Existence of any Trade Secret.**

28.  Suncoast alleged that Defendant Scoppa had access, during his employment with Suncoast, to "drawings, designs, know-how, plans, proposals, customer lists, job bid information, costs and pricing information, and sales data," and that he took "trade secret, proprietary, and confidential information." Dkt. 102, p. 11-12. Trade secrets depend heavily on secrecy of information and are not protectable where such information is generally known and readily available. *See e.g., Bayco Products, Inc. v. Lynch*, No. 3:10-CV-1820-D, 2011 U.S. Dist. LEXIS 46163 at *6-7 (N.D. Tex. April 28, 2011) ("claims of 'know-how,' without more, are insufficient to distinguish between 'general knowledge, skills, and experience acquired during employment' and protectable confidential information"). Further, "a former employee may use the general knowledge, skills, and experience acquired during employment to compete with a former employer." *Id*.

29.  Suncoast failed to present any evidence showing that the information it alleges are trade secrets was actually kept secret or that it was valuable because it is secret. *See Rimkus Consulting Group, Inc. v. Cammarata*, 688 F.Supp.2d 598, 665-66 (S.D. Tex. 2010) ("Courts in Texas identify trade secrets, proprietary information, and confidential information separately but provide them similar protection *if the requirements-including that of secrecy-are met*.")(emphasis added). Instead, Suncoast presented evidence establishing that it provided its Indian subcontractor, Concord, with the information with no strings attached. Further, Suncoast admitted that each of the materials it alleges are protected contain information generally known throughout the post-tensioning industry. Dkt. 228, 126:23-129:13. Information that is generally known is not protected under Texas trade secret law. *Bayco*, 2011 U.S. Dist. LEXIS 46163 at

---

*6-7. Because Suncoast presented no evidence that any of the information at issue was secret or protected its trade secret misappropriation claims must be dismissed as a matter of law.

    **F.    Suncoast Failed to Provide Legally Sufficient Evidence of Trade Secret Damages.**

    30.    Even if Suncoast established the existence of trade secrets, its trade secret misappropriation claims must be dismissed because Suncoast failed to introduce legally sufficient evidence of its damages. Texas law allows a plaintiff to prove trade secret damages in a number of ways, including a reasonable royalty measured according to what a willing buyer and seller would settle on as the value of the trade secret. *Carbo Ceramics, Inc. v. Keefe,* 166 Fed. Appx. 714, 723 (5th Cir. 2006). "The Fifth Circuit has declared that the 'reasonable royalty' method is the most appropriate measure of damages where the trade secret has not been destroyed, the plaintiff is unable to prove a specific injury, and the defendant has gained no actual profits by which to value the worth of the secret which defendant misappropriated." *Mandel v. Thrasher*, 2013 U.S. Dist. LEXIS 93175, No. 4-11-cv-774, at *29 (E.D. Tex. July 2, 2013) (citing *Carbo Ceramics*). Suncoast did not identify any specific injury it suffered or actual profits gained by any of the Defendants.

    31.    Mr. Compton testified that he used a "value of the investment" methodology to determine Suncoast's trade secret damages.[2] Dkt. 228, 162:3-5. Mr. Compton based his damages testimony on three hypothetical, non-existent employees creating Suncoast's alleged trade secrets over a period of 15 years. *Id.*, 163:7-11. His trade secret damages opinion consists of the salary that these three non-existent employees would have received over that 15 year period, totaling $7,605,000. *Id.*, 163:12-164:5. Mr. Compton's methodology is not recognized

---

[2] The Defendants moved to strike Mr. Compton's testimony on this basis prior to trial, which the Court denied. Dkt. 80, 183.

---

**Defendants' Renewed Motion for Judgment as a Matter of Law**    Page 11

under Texas law. *See Calce v. Dorado Exploration, Inc.*, 309 S.W.3d 719, 738 (Tex. App.—Dallas 2010, no pet.); *Rusty's Weigh Scales & Serv., Inc. v. N. Tex. Scales, Inc*., 314 S.W.3d 105, 110 (Tex. App.–-El Paso 2010, no pet.) (upholding directed verdict for defendant where plaintiff "produced no documentary evidence to support a damage award").

32.   Mr. Compton's damage valuation cannot constitute a reasonable royalty because he did not provide an opinion or testimony establishing what a reasonable buyer and seller would agree on as a reasonable royalty. *MGE*, 622 F.3d at 367, n.2. Stating that Suncoast would not agree to a license does not absolve Suncoast from this requirement.[3] *Id*.

33.   Even if Mr. Compton's "value of the investment" methodology were appropriate under Texas law (it is not), Mr. Compton's testimony relied on bare speculation with no foundational basis. Suncoast was "required to produce enough credible evidence to show 'the extent of the damages as a matter of just and reasonable inference.'" *See Mandel v. Thrasher*, 578 Fed. Appx. 376, 390 (5th Cir. Tex. 2014). Mr. Compton's trade secret damages opinion relies on his assumption that (1) three employees worked continuously for 15 years to create the trade secrets, and (2) were paid salary and overhead of $81.25 per hour. Dkt. 228, 163:7-164:5. Mr. Compton's assumptions and opinion on trade secret damages are too speculative to support the jury's verdict because Suncoast:

1. failed to introduce evidence sufficient to show that it actually employed three employees to create the alleged trade secrets during the fifteen year period at issue;

2. failed to introduce evidence to show any employee's salary or overhead during that time;

3. failed to provide any evidence linking Suncoast's development costs to the actual material at issue (the Vijay Christian hard drive); and

---

[3] Federal courts have specifically declined to award the damages Suncoast sought for trade secret misappropriation in this case for copyright infringement because they are too speculative. *See e.g., Real View, LLC. v. 20-20 Technologies, Inc*., 811 F.Supp.2d 553, 559 (D. Mass. 2011) ("Without any other evidence, a back-of-the-envelope analysis of Real View's saved development costs would not provide the jury with a sufficient basis for arriving at a non-speculative hypothetical license fee figure").

---

4. failed to account for current technology in assessing costs to develop the trade secrets in the present day.

34. Accordingly, the Defendants request dismissal notwithstanding the jury's verdict of Suncoast's misappropriation of trade secrets, breach of contract, breach of fiduciary duty, unfair competition, and conspiracy claims because Suncoast's evidence of damages is legally insufficient and cannot support the jury's verdict.[4]

### G. Breach of Contract and Tortious Interference with Contract.

35. Suncoast presented no evidence that Scoppa breached any term of the "Hiring Form" at issue (Plaintiff's Exhibit 28) while working for Suncoast. Scoppa testified that he did not agree to the terms located on the page labeled SUNCOAST000018. The document itself states that it "does not constitute a contract." Plaintiff's Ex. 28 at SUNCOAST000017. However, even if all terms identified in the exhibit are fully enforceable (they are not), Suncoast presented no evidence that Scoppa revealed any "information the secrecy or confidentiality of which is useful to the business of" Suncoast. Plaintiff's Ex. 28 at SUNCOAST000018. Indeed, Mr. Price admitted that there was no evidence that Scoppa revealed any information to anyone outside of Suncoast during his employment or that he took anything with him when he left Suncoast. Dkt. 228, 122:8-14; 122:25-123:22. Suncoast's only evidence concerned Scoppa's alleged failure to prevent PTSI from using Suncoast's information. However, even if true, all of Suncoast's evidence identifies activities taken after Scoppa's contract with Suncoast ended. Suncoast's breach of contract claim must be dismissed because there is legally insufficient evidence upon which a reasonable jury could base a verdict in Suncoast's favor.

36. Suncoast's tortious interference with contract claim must be dismissed because Scoppa did not breach the terms of the Hiring Form. However, even if such breach did occur,

---

[4] Suncoast's damages for each of these claims are the same. Dkt. 228, 152:20-24.

___

**Defendants' Renewed Motion for Judgment as a Matter of Law**  Page 13

Plaintiff presented no legally sufficient evidence to show that PT USA, Patel, or Sterling tortuously interfered with the Hiring Form.  Merely inducing one party to exercise his right to terminate a contract does not constitute tortious interference absent additional evidence of tortious activity.  *See M-I LLC v. Stelly*, 733 F.Supp.2d 759, 774 (S.D. Tex. 2010) ("Merely entering into a contract with a party with the knowledge of that party's contractual obligations to someone else is not the same as inducing a breach"); *Juliette Fowler Homes, Inc. v. Welch Associates, Inc.*, 793 S.W.2d 660, 665-67 (Tex. 1990). Suncoast's evidence consisted solely of Patel's offer of employment to Scoppa prior to Mr. Scoppa's resigning from Suncoast.  Suncoast presented no evidence of any communication, instruction, or agreement between Scoppa during the term of his employment with Suncoast and Patel, Sterling, or PT USA to take or use any Suncoast information.  There is simply no evidence from which the jury could infer that Patel, Sterling, or PT USA interfered with Scoppa's alleged contractual agreement with Suncoast—any such conclusion would necessitate impermissible inference stacking.  *Steinbach*, 378 S.W.3d at 535.  Suncoast's evidence is legally insufficient and requires dismissal of Suncoast's tortious interference with contract claim.

### H. Breach of Fiduciary Duties and Inducement.

37. Suncoast failed to present legally sufficient evidence of any trade secret material, on which it bases its claims for breach of the fiduciary duties of Scoppa.  Suncoast failed to present any evidence that Scoppa divulged any trade secret information.  Suncoast's evidence focused solely on non-party Vijay Christian's incorporation of the allegedly secret information into documents provided to Scoppa.  As explained above, all of Suncoast's allegations concern activities conducted after Scoppa left Suncoast.  Even if the drawings sent by Vijay Christian included trade secret information (they did not), there is no evidence that any Defendant was

___

aware of the presence of such material and no evidence that Scoppa took such material while working at Suncoast or arranged for Vijay Christian to take such material.

38. Suncoast also failed to present any evidence that PT USA, Patel, or Sterling knowingly participated in any breach of any fiduciary duty. Patel's recruitment of Scoppa cannot serve as a basis for any fiduciary duty claim because taking preparatory steps to compete with an employer while still working for that employer is not actionable. *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 284 (5th Cir. 2007). Suncoast did not introduce one exhibit or other piece of documentary evidence showing that Patel, Sterling, or PT USA knowingly participated in Scoppa's alleged use of Suncoast's proprietary material. Suncoast presented computer forensic analysis at length showing that Vijay Christian included this material in PT USA documents without the Defendants' knowledge. Defendants request judgment as a matter of law on all of Suncoast's fiduciary duty claims.

### I. Unfair Competition.

39. Unfair competition requires an unlawful act by the defendant that also improperly interferes with the plaintiff's ability to conduct its business. *Taylor Pub. Co. v. Jostens, Inc.*, 36 F.Supp.2d 360, 374 (E.D. Tex. 1999) ("the plaintiff must prove that the defendant committed a separate unlawful act that, ***in addition to being unlawful, improperly interfered with the plaintiff's ability to conduct his business***")(emphasis added). Because, as established above, there is no independent tort in this case, Suncoast's unfair competition claim must be dismissed. In addition, Suncoast admitted that the Defendants' actions did not interfere with Suncoast's ability to conduct its business. Dkt. 228, 134:13-135:3. Accordingly, the Defendants request judgment as a matter of law on Suncoast's unfair competition claim.

**J.     Conspiracy.**

40.     Texas does not recognize an independent cause of action for conspiracy. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). For that reason, any finding of conspiracy must be based on some underlying tort. *Schoellkopf v. Pledger*, 778 S.W.2d 897, 900 n. 5 (Tex. App.—Dallas 1989, writ denied). Because none of Suncoast's derivative claims have merit, its civil conspiracy claims automatically fails as a matter of law.  Additionally, Suncoast admitted there was no documentary evidence showing that the Defendants conspired to take any of Suncoast's information.  Dkt. 228, 135:4-20.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants Peter Scoppa, PT USA, The Sterling Engineering Group of Companies, and Sandeep N. Patel respectfully request that the Court grant this Renewed Motion for Judgment as a Matter of Law and enter an order that the Plaintiff take nothing by its claims against the Defendants in this lawsuit, or to order a new trial. The Defendants respectfully request that the Court grant them such other and further relief, at law or in equity, to which they may be justly entitled.

Dated this 18th day of December, 2015.

> Respectfully submitted,
>
> CHRISTIAN SMITH & JEWELL, LLP
>
> By:   /s/Allan G. Levine
>     Allan G. Levine
>     Texas Bar No: 12257140
>     2302 Fannin, Suite 500
>     Houston, Texas 77002
>     (713) 659-7617 (Telephone)
>     (713) 659-7641 (Facsimile)
>     ALevine@csj-law.com

MACDONALD DEVIN, P.C.

By: /s/ Gregory N. Ziegler
Gregory N. Ziegler
Texas Bar No. 00791985
S.D. Tex. Bar No. 31152
GZiegler@macdonalddevin.com
William I. Gardner
Texas Bar No. 24053219
S.D. Tex. Bar No. 143089
BGardner@macdonalddevin.com
Weston M. Davis
Texas Bar No. 24065126
S.D. Tex. Bar No. 2257975
WDavis@macdonalddevin.com
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
214-744-3300 (Telephone)
214-747-0942 (Facsimile)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2015, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

/s/ Allan G. Levine
Allan Levine