UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNCOAST POST-TENSION, LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:13-cv-03125 |
| v. | § | |
| | § | |
| PETER SCOPPA, SANDEEP N. PATEL, | § | |
| THE STERLING ENGINEERING | § | Judge: Hon. Vanessa D. Gilmore |
| GROUP OF COMPANIES, PT USA, | § | |
| AND OTHERS UNKNOWN, | § | |
| | § | |
| Defendants. | § | |

_____

**DEFENDANTS' MOTION FOR STAY OF EXECUTION
OF JUDGMENT PENDING APPEAL**
_____

Defendants Sandeep N. Patel ("Patel"), The Sterling Engineering Group of Companies ("Sterling"), Peter Scoppa ("Scoppa"), and PTUSA file this Motion for Stay of Execution of Judgment Pending Appeal and would respectfully show the following:

### SUMMARY

The Court's Final Judgment [Dkt. 251] orders the Defendants to pay $11 million in compensatory damages, $2,205,830.47 in attorney's fees and costs and punitive damages against Patel of $5 million, Sterling of $5 million, Scoppa of $1 million, and PT USA of $2.5 million, as well as court costs, discovery costs, and pre-judgment interest. The Defendants intend to appeal the judgment and move for a stay pending appeal without the need for a full supersedeas bond because the Final Judgment far exceeds the net worth of any Defendant.

## ARGUMENT

### A. The amount of the bond necessary to stay execution is within this Court's discretion.

Federal Rule 62(d) provides that a party seeking to appeal an adverse monetary judgment may obtain a stay of execution of execution of the judgment by providing a supersedeas bond. Fed. R. Civ. P. 62(d). Rule 62(d) leaves the amount of the bond to the trial court's discretion. *See Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999); *Fed. Prescription Serv., Inc. v. Am. Pharm, Ass'n*, 636 F.2d 755, 758 (D.C. Cir. 1980) (Rule 62(d) "does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate."); *Poplar Grove, Etc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *Network Enters, Inc. v. APBA Offshore Productions, Inc.*, 2007 WL 398276 (S.D.N.Y. Feb. 5, 2007) (staying execution of monetary judgment without need for supersedeas bond).

Where a defendant demonstrates that its "present financial condition is such that the posting of a full bond would impose an undue financial burden," the Court "is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings." *Poplar Grove*, 600 F.2d at 1191.

### B. The Court should stay execution of the Final Judgment because the amount exceeds the net worth of all of the Defendants combined.

The Defendants cannot post a supersedeas bond for the full amount of the judgment. It is impossible for any of the Defendants to obtain a sufficient bond in the full amount of the judgment, interest, and costs because the Defendants do not possess liquid assets in the amount required to post a cash deposit or obtain a surety bond. *See* Declarations of Sandeep N. Patel and Peter Scoppa, attached hereto as Exhibits "1" and "2." Sandeep N. Patel and Peter Scoppa as

individuals each have less than $1 million in assets. Likewise, the current net worth of Sterling and PT USA is $263,999.75 for Sterling (Ex. 1 at ¶5) and $1,264,084.68 for PT USA (Ex. 2 at ¶5). Combined, the Defendants' assets are insufficient to obtain a bond in the full amount of the judgment, interest, and costs.

When presented with a motion for a discretionary stay pending appeal, the Court employs a four-part test: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001). In determining whether to issue a stay pending appeal on the basis of less than a full bond, the district court should act to preserve status quo while protecting the non-appealing party's rights pending appeal. *Alexander v Chesapeake, Potomac & Tidewater Books, Inc.*, 190 FRD 190 (E.D. Va. 1999).

In this case, the Defendants believe they have a substantial likelihood for success on the merits of an appeal given the extensively challenged liability and damages issues in the Plaintiff's case. *See* Dkt. Nos. 76, 80, 223. Further, the possibility for irreparable injury if the stay is not granted is high. Given that none of the Defendants have assets sufficient to pay the judgment or obtain a full bond, Plaintiff's execution of the judgment will serve to make each Defendant insolvent. Plaintiff has begun execution efforts by filing an action to enforce this Court's judgment in Harris County District Court, seeking a writ of execution, and filing applications for nine writs of garnishment. *See* Cause Nos. 2016-11828; 2016-11828-A-I, 61st Judicial District Court, Harris County.

This Court's order for an unsecured or partially secured stay in this case will not endanger the Plaintiff's ability to recover its judgment, as the Defendants cannot change their

inability to pay the full amount of the judgment. *See e.g., Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) ("the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery").

### C. The Court should waive or, alternatively, decrease the bond requirement.

To obtain a supersedeas bond in the full amount of the judgment, the Defendants will be required to provide a bonding company with full cash collateral or an irrevocable letter of credit in the amount of the judgment. *See* Exhibit 3. Because the Defendants' assets are far less than the amount of the judgment, they are unable to satisfy these prerequisites to a bond. Given the financial status of each Defendant and the size of the Court's judgment, the Defendants respectfully request that the Court stay enforcement of the judgment without the requirement for a supersedeas bond.

Alternatively, the Defendants request that the Court set a reduced bond requirement that corresponds to the Defendants' assets. Under Texas law, a judgment debtor can stay a money judgment pending appeal by posting security of 50 percent of the judgment debtor's net worth. Tex. Civ. Prac. & Rem. Code § 52.006; *see also* Tex. R. App. P. 24.1(a)-(b), 24.2(a)(1) (requirements for superseding judgment). Although this Court is not required to apply Texas statutory law for supersedeas bonds, the statute provides a reasonable framework for staying execution of judgments that exceed a defendant's net worth. In this case, Defendants request that the Court set a bond in the amount of $764,042.215, which is 50 percent of the combined net worth of Sterling and PT USA.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Peter Scoppa, PT USA, The Sterling Engineering Group of Companies, and Sandeep N. Patel respectfully request that the Court grant this Motion for Stay of Execution of Judgment Pending Appeal. The Defendants respectfully request that the Court grant them such other and further relief, at law or in equity, to which they may be justly entitled.

Dated this 23rd day of March, 2016.

        Respectfully submitted,

        **MACDONALD DEVIN, P.C.**

        /s/Gregory N. Ziegler
        Gregory N. Ziegler
        Texas Bar No. 00791985
        S.D. Tex. Bar No. 31152
        GZiegler@macdonalddevin.com
        William I. Gardner
        Texas Bar No. 24053219
        S.D. Tex. Bar No. 143089
        BGardner@macdonalddevin.com
        Weston M. Davis
        Texas Bar No. 24065126
        S.D. Tex. Bar No. 2257975
        WDavis@macdonalddevin.com

        3800 Renaissance Tower
        1201 Elm Street
        Dallas, Texas 75270
        214.744.3300 (Telephone)
        214.747.0942 (Facsimile)

        **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2016, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

                                        /s/Gregory N. Ziegler  
                                        **Gregory N. Ziegler**

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 22, 2015, counsel for the Defendants conferred with counsel for Plaintiff concerning the relief requested by this Motion. Counsel for Plaintiff advised that Plaintiff is opposed to the relief requested herein.

                                        /s/Gregory N. Ziegler  
                                        **Gregory N. Ziegler**

*Defendants' Motion for Stay of Execution of Judgment Pending Appeal*      Page 6  
973065  402.170